OPINION
{¶ 1} Appellant, Candi Weber, appeals the decision of the Richland County Common Pleas Court's granting summary judgment in favor of Appellees.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about January 13, 2004, Appellant and Appellees entered into a Purchase Agreement whereby Appellant purchased from Appellees a home located at 3579 Orweiler Road, Mansfield, Ohio.
 {¶ 3} Paragraph 7 of the Real Estate Purchase Agreement provides in pertinent part as follows:
 {¶ 4} "Purchaser's Acknowledgment: Purchaser acknowledges that, except as otherwise herein noted, the real estate property is being purchased in its present physical condition after examination and inspection by Purchaser. Purchaser further acknowledges that Purchaser(s)are relying solely upon such examination and inspection with reference to condition, value, character . . . Purchaser acknowledges that neither Seller nor Sellers' Agent(s) have made any representations or warranties upon which Purchaser has been induced to rely; rather, Seller and Sellers' Agent(s) have encouraged Purchaser to conduct a thorough and independent inspection(s) of the Premises."
 {¶ 5} Prior thereto, and signed on or about November 11, 2003, Appellees executed a Residential Property Disclosure Form in which in Section D of said form, they stated "[n]o water accumulation, damp areas on walls" of the basement\crawl space. Additionally, Appellees denied having knowledge of any problems with the home's "structural components" in Section E of said form.
 {¶ 6} Appellant claims that she subsequently discovered that the home had a severely leaking basement. Appellant moved into the property at issue at the beginning of March, 2004. She claims that serious water intrusion problems were evident to her within approximately two months. According to Appellant, these problems were continuous, requiring her to meet with at least two waterproofing representatives. Appellant retained one of these waterproofers, who sent a crew to her house to perform the necessary services to correct the problem on or about October 13, 2004.
 {¶ 7} On October 7, 2004, Plaintiff-Appellant filed a complaint against Defendants-Appellees in the Richland County Common Pleas Court alleging fraud and misrepresentation with regard to the sale of the subject property.
 {¶ 8} On August 9, 2005, Appellees filed a Motion for Summary Judgment. Attached to said Motion was an Affidavit signed by both Thomas Sneeringer and Lori Sneeringer which stated
 {¶ 9} "3. Prior to the sale of the subject real estate, Affiants had no knowledge of any significant water problems relating to the basement of the subject premises.
 {¶ 10} "4. Affiants disclosed in the "Residential Property Disclosure Form". . . their knowledge of "damp areas on walls" in the basement/crawl space prior to closing of the sale of the subject property."
 {¶ 11} On September 13, 2005, Appellant filed her Brief in Opposition. Attached to said Brief was an Affidavit of Plaintiff's expert, Andy Campbell, who was the foreman of the crew who performed the repairs and waterproofing to the basement. In said Affidavit, Mr. Campbell stated that it was his opinion that "the water infiltration problems he found at 3579 Orweiler Road, Mansfield, Ohio, did not develop overnight and probably took a number of years to get to the point at which he found them."
 {¶ 12} An Affidavit signed by Appellant was also attached to her brief in opposition. In said Affidavit Appellant stated, inter alia:
 {¶ 13} "7. In addition to the foregoing, she has only recently learned through discovery in this lawsuit that one or more of the Defendants noted "water on the floor in a corner" of the basement and "some dampness in the newly-hung drywall down by the floor." Furthermore, she learned through this discovery that one or more of the Defendants "took the drywall back off and found some small cracks in the wall down by the floor [which were] patched . . . with hydraulic cement and [covered with a] painted sealant on the wall." Furthermore, she learned through the same discovery exchange that a "room under the porch that housed the pressure tank, fuel oil tank and sump pump was usually damp the whole time [the Defendants]lived [in the house]."
 {¶ 14} On September 20, 2005, the trial court conducted a non-oral hearing on said Appellee's Motion for Summary Judgment and by Judgment Entry filed October 10, 2005, the trial court granted same.
 {¶ 15} Appellant filed an appeal and this matter is now before this court for consideration. Appellant's sole assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 16} "I. THE TRIAL COURT'S DECISION TO GRANT THE APPELLEES' SUMMARY JUDGMENT CONSTITUTES REVERSIBLE ERROR."
 I. {¶ 17} Appellant claims the trial court erred in granting Appellees' Motion for Summary Judgment. We agree.
 {¶ 18} Prior to addressing the merits of appellants' arguments, we will set forth the applicable standard of review for summary judgment motions. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 19} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 20} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 674 N.E.2d 1164, 1997-Ohio-259, citing Dresher v. Burt,
(1996), 75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 21} It is based upon this standard that we review appellant's sole Assignment of Error.
 {¶ 22} Appellant argues that summary judgment was not appropriate in this case because genuine issues of material fact exist with regard to whether Appellees misrepresented their knowledge as to water problems in the basement of the subject property.
 {¶ 23} As stated above, to determine if the summary judgment was appropriate in this situation, we must construe all evidence and allegations most strongly in favor of the non-moving party, plaintiffs-appellants, and if the evidence, allegations and inferences arising therefrom raise genuine issues of material fact, then, summary judgment is not appropriate and the case should go to trial.
 {¶ 24} In the case sub judice, we find that the observability or discoverability of such a defect as is present in this case is a factual issue best resolved by the trier of fact, who has firsthand exposure to the evidence and can observe the demeanor of the witnesses. This is especially true where there is conflicting testimony, as is present here, because the trier of fact is best able to evaluate the credibility of the testimony.
 {¶ 25} It is our opinion, based on the facts and allegations, that valid inferences could be drawn that the conditions complained of existed at the time of the sale of the property. Whether or not Appellees were aware of this condition is a question of fact. Furthermore, a question of credibility exists as to whether Appellees purposely concealed these conditions, a matter reserved for the trier of fact.
 {¶ 26} Based on the foregoing, we conclude that the grant of summary judgment was not appropriate and Appellant's sole assignment of error is well taken.
 {¶ 27} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and remanded for further proceedings consistent with the law and this opinion.
Boggins, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed and remanded. Costs to Appellees.